UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tammy Logan,<br><br>                    Plaintiff,<br><br>          v.<br><br>Prudential Insurance Company of America,<br><br>                    Defendant. | No. 2:20-cv-01742-KJM-JDP<br><br>ORDER |

In this action under the Employee Retirement Income Security Act (ERISA), the parties disagree on the calculation of the benefits the court awarded in its prior order. Defendant Prudential Insurance Company of America moves the court for an order allowing it to conduct discovery on how much social security disability insurance benefits plaintiff and her child received as a result of her disability. Plaintiff Tammy Logan concurrently moves the court to clarify the amount of offset defendant is entitled to take for her social security disability benefits. **For the reasons below, the court denies defendant's motion and grants plaintiff's motion.**

*/////*

1

1    **I.    BACKGROUND**

2        The court reviewed the factual background of this case at length in its prior order and

3    incorporates it by reference here. *See* Prior Order at 1–6, ECF No. 33.[1]  In sum, plaintiff

4    challenged defendant's denial of her claim for long-term disability benefits under ERISA and the

5    court found in her favor. *See generally id.*  The court found plaintiff is "disabled" under the terms

6    of the policy and defendant incorrectly denied her claim for disability benefits from June 19, 2019

7    through July 2, 2021. *Id.* at 16.  The court later granted the parties' stipulated request to amend

8    the relevant timeframe for which plaintiff was entitled to benefits from "June 19, 2019 through

9    July 2, 2021" to "July 3, 2019 to July 2, 2021."  Stip. Order, ECF No. 36.

10        The parties now dispute the appropriate net monthly benefits to which plaintiff is entitled.

11    Plaintiff receives Social Security Disability Income (SSDI) benefits and her minor child receives

12    dependent SSDI (DSSDI) benefits. *See* Opp'n Mot. Discovery at 3, ECF No. 40.  It is undisputed

13    defendant is entitled to offset these benefit amounts in its payment of long-term disability

14    benefits. *Id.*  Plaintiff has provided defendant documentation of her SSDI benefits and her child's

15    DSSDI benefits.  Salisbury Decl. ¶¶ 5–6, ECF No. 38-2; James Decl. ¶¶ 6–10, ECF No. 37-1.

16    Plaintiff's entitlement to monthly social security disability benefits began in June 2019.  SSDI

17    Benefits, Def.'s Mot. Ex. 4, ECF No. 37-5 & Pl.'s Mot. Ex. A, ECF No. 38-5.  Her benefit

18    amount was $1,148.40 in June 2019 and increased to $1,186.50 in December 2019 due to a cost

19    of living adjustment. *Id.*  In January 2020, her benefit increased again to $2,423.90 due to credit

20    for additional earnings. *Id.*  Her minor child's DSSDI benefits were $613, beginning in

21    December 2020 and for the entirely of the relevant time frame here.  2021 DSSDI Benefits, Def.'s

22    Mot. Ex. 5, ECF No. 37-6 & Pl.'s Mot. Ex. B, ECF No. 38-6.[2]

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

[2] Beginning December 2021, the DSSDI benefits increased to $650, Pl.'s Mot. Ex. C, ECF No. 38-7, and beginning December 2022, increased to $706, Pl.'s Mot. Ex. D, ECF No. 38-8.

When an individual is entitled to disability benefits, that individual's spouse and children, if any, may also be entitled to benefits.  *See, e.g.*, 20 C.F.R. § 404.350.[3]  "[A] child's monthly benefit is equal to one-half of the insured person's primary insurance amount if he or she is alive," but is subject to a family maximum.  20 C.F.R. § 404.353; *see* 20 C.F.R. § 404.304(d) (explaining family maximum and how one's "benefits may be reduced to keep total benefits payable to the insured's family within th[e] limits").  For example, for an individual with a primary insurance amount of $600 and family maximum of $900, the monthly benefits amount otherwise available to the individual's family is $300, or 50 percent of the primary insurance amount.  20 C.F.R. § 404.403(a) (Example 1).  If the individual has two family members, i.e., two children, the amount of benefits each child is entitled to receive would be reduced to $150 because of the $300 family maximum.  *Id.*

For disability benefits, the family maximum is the smaller amount of: 1) the larger of either 85 percent of the average indexed monthly earnings and primary insurance amount; and 2) 150 percent of the primary insurance amount.  20 C.F.R. § 404.403(d-1).  Because of this rule, "the entitled [family member] of some workers will not be paid any benefits because the family maximum does not exceed the primary insurance amount."  *Id.*; *see also* Maximum Benefit for a Disabled-Worker Family.[4]

Defendant believes the information before the court reflects a discrepancy because plaintiff's primary insurance amount increased to $2,423 while her child's benefit amount remained $613, about a fourth of what plaintiff receives.  Defendant has requested information more than once regarding why the child's DSSDI benefits are less than 50 percent of plaintiff's SSDI benefits.  Salisbury Decl. ¶¶ 4, 7, 11–12; James Decl. ¶¶ 3, 5–7, 10.  Plaintiff's counsel

---

[3] "You are entitled to child's benefits on the earnings record of an insured person who is entitled to . . . disability benefits . . . if [y]ou are the insured person's child" and meet certain requirements.  20 C.F.R. § 404.350.

[4] Social Security Online, *Maximum Benefit for a Disabled-Worker Family*, SSA, https://www.ssa.gov/oact/cola/dibfamilymax.html (last visited April 11, 2023) ("The family maximum for a family of a disabled worker is 85 percent of the worker's Average Indexed Monthly Earnings (AIME).  However, it cannot be less than the worker's PIA nor more than 150 percent of the PIA.").

informed defendant's counsel they could not explain why the DSSDI benefits were less than 50 percent of the SSDI benefits because the Social Security Administration (SSA) determined the benefits and plaintiff does not know how the SSA made its determination.  Salisbury Decl. ¶ 4; *see* Mot. Clarify at 4, ECF No. 38-1.  Plaintiff declares under penalty of perjury she has one minor child and no other person received DSSDI benefits.  Logan Decl. ¶¶ 2, 8, ECF No. 40-3. She also avers she requested a letter from the SSA confirming the total DSSDI benefits she received.  *Id.* ¶ 4.  She received a letter confirming $613 is the monthly DSSDI benefits she received.  *Id.*  Plaintiff's counsel has informed defendant that plaintiff has no other dependents who could be receiving SSDI benefits through her.  Mot. Discovery at 9, ECF No. 37.  While plaintiff declined to execute an authorization form permitting defendant to request information directly from the SSA, Mot. Discovery at 8; *see also* James Decl. ¶ 4; Salisbury Decl. ¶ 10, she has provided defendant with documentation of her SSDI benefits and her child's DSSDI benefits, *see* SSDI Benefits; 2021 DSSDI Benefits; Mot. Clarify at 2–5.

The parties dispute the amount defendant is permitted to offset in its payment and proposed a briefing schedule limited to that issue.  Joint Status Report, ECF No. 35.  The court granted the parties' stipulated request and adopted the briefing schedule.  Stip. Order at 2.  In accordance with the briefing schedule, defendant moves for discovery on the amount of benefits to which plaintiff is entitled, Mot. Discovery, and plaintiff moves for an order clarifying defendant is entitled to offset $613 per month for the DSSDI benefits, Mot. Clarify.  Both parties have opposed and replied to the respective motions.  *See* Opp'n Mot. Discovery; Opp'n Mot. Clarify, ECF No. 39; Reply Mot. Discovery, ECF No. 42; Reply Mot. Clarify, ECF No. 43.  The court submitted the matter without a hearing.  Min. Order, ECF No. 41.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 37, a party may move for an order compelling discovery after "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a).  A district court is vested with broad discretion to "permit or deny discovery."  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation omitted).  Under

1    Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any

2    nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

3    of the case . . . ." Fed. R. Civ. P. 26(b).

4    **III.   ANALYSIS**

5            Defendant's main argument is as follows. Each family member of an individual receiving

6    disability benefits is entitled to benefits equal to 50 percent of the primary SSDI benefit. Mot.

7    Discovery at 13 (citing 20 C.F.R. § 404.353). The maximum benefit a family can receive is

8    limited to 150 percent of the individual's primary insurance amount. *Id.* Plaintiff's minor child's

9    DSSDI benefit amount is equal to about 25 percent, not 50 percent of plaintiff's SSDI benefit

10    amount. *Id.* at 11. Accordingly, "it is likely that another dependent is receiving DSSDI benefits

11    from the SSA," because if the family maximum is 150 percent and plaintiff's minor child is

12    receiving 25 percent, there must be another dependent receiving the remaining 25 percent. *Id.* at

13    14. Plaintiff has not provided an alternative explanation, and as such, defendant needs

14    information from the SSA on the correct total amount of DSSDI benefits plaintiff receives.

15            The court disagrees. While defendant's argument has some facial appeal, it does not take

16    account of all the relevant sections of the regulations. Contrary to defendant's position, the

17    family maximum for disability benefits is not always 150 percent of the primary insurance

18    amount. Rather, that calculation may change due to the formula set forth by the regulations. In

19    other words, as plaintiff argues, the DSSDI benefits do not necessarily need to equal 50 percent of

20    the SSDI benefits. *See* Mot. Clarify at 6–7.[5] A family member's DSSDI amount may be reduced

21    due to the limits placed by the family maximum requirement. 20 C.F.R. § 404.304(d). For

22    disability benefits, the family maximum is between 100 percent and 150 percent of the primary

23    insurance amount. *See* 20 C.F.R. § 404.403(d-1). As a result of the rule setting forth the formula

24    for calculating family maximums, an entitled child may "not be paid any benefits because the

25    family maximum does not exceed the primary insurance amount." *Id.*

---

[5] Plaintiff bases her argument on the language used on the SSA website, Mot. Clarify at 6–7, and curiously does not cite any relevant caselaw, statute or regulation to support her arguments in any of the moving papers.

Thus, the mere fact that plaintiff's minor child receives DSSDI benefits in an amount less than 50 percent does not lead to the conclusion that plaintiff has other dependents receiving benefits or that the SSA miscalculated the correct benefit amount for her minor child. Rather, the reasonable explanation of why the DSSDI amount is less than 50 percent of the SSDI amount is that the family maximum calculated by SSA for plaintiff's family is less than 150 percent of plaintiff's primary insurance amount. This conclusion is supported by plaintiff's declaration, under penalty of perjury, that she has one minor child and there is no one else who is receiving DSSDI benefits through her SSDI. Logan Decl. ¶¶ 2, 8. Plaintiff has provided defendant with supporting documentation multiple times. *See, e.g.*, James Decl. ¶¶ 6, 8–9; Salisbury Decl. ¶¶ 2, 5–6, 11. There is no basis in the record to question the validity of the SSA letters plaintiff has provided defendant. The court finds defendant has all the information it needs to calculate the correct amount due to plaintiff. Accordingly, defendant has not shown good cause to conduct additional discovery.

Additionally, the court clarifies the amount of offset defendant is entitled to take for the DSSDI benefits, in the interest of judicial efficiency and to prevent further delays. Given that the court has no reason to doubt plaintiff has only one dependent receiving DSSDI benefits through her, the court finds defendant is entitled to offset DSSDI benefits in the amount of $613 per month.

## IV.    CONCLUSION

For the reasons above, the court **denies defendant's motion for discovery and grants plaintiff's motion to clarify.** The court finds defendant has all the information it needs to calculate the benefits it owes plaintiff. The DSSDI benefit to which defendant is entitled to offset is $613 per month. Defendant **shall pay** plaintiff the long-term disability benefits to which she was entitled for the relevant timeframe **promptly and no later than thirty (30) days** after the filed date of this order.

The parties are **directed to meet and confer** with the goal of reaching an agreement on a reasonable award of attorneys' fees and costs. The parties **must file a joint status report within thirty (30) days**. If the parties reach an agreement on an award, their report should include a

1   proposed order approving the award.  If they do not reach an agreement, their report should

2   propose a schedule for the briefing of whether fees and costs should be awarded and if so in what

3   amount.

4          This order resolves ECF Nos. 37 and 38.

5          IT IS SO ORDERED.

6   DATED:  April 11, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE